PUERTO RICO DISTILLING COMPANY, demandante y apelante, *v.* HON. RAFAEL SANCHO BONET, TESORERO DE PUERTO RICO, demandado y apelado.

Núm. 7443.—*Sometido:* Enero 25, 1938.—*Resuelto:* Febrero 11, 1938.

*Leopoldo Feliú,* abogado de la apelante; *Hon. Procurador General B. Fernández García* y *Emilio de Aldrey, Procurador General Auxiliar,* abogados del apelado.

El Juez Asociado Señor Travieso emitió la opinión del tribunal.

La demandante, corporación dedicada a la fabricación y venta de un producto conocido con el nombre de "Alcomotor" o "Alcoholina," mezcla de determinadas proporciones de alcohol y gasolina, al ser requerida por el Tesorero de Puerto Rico para el pago de la suma de $2,527.24, por concepto de contribuciones o arbitrios sobre 32,673 galones de dicho producto, más recargos e intereses, pagó dichas sumas bajo protesta y radicó demanda ante la Corte de Distrito de San Juan para su devolución con intereses legales desde el 27 de enero de 1934, más las costas y honorarios de abogado.

Como fundamento de su acción alega la demandante que la Ley núm. 15 de agosto 24 de 1933 ( (2) pág. 81), bajo la cual se impuso y se cobró la contribución pagada bajo protesta, es nula, inexistente e ineficaz por los siguientes motivos:

1. Porque la sección 1ª. de dicha ley impone la contribución al producto de la demandante, por su manufactura y venta en la Isla, y excluye de la imposición y pago de tal contribución a idénticos productos manufacturados en los Estados Unidos Continentales e introducidos y vendidos o usados en Puerto Rico, violando así el precepto del último disponiéndose de la sección 3 de la Ley Orgánica, que prohibe tal discrimen.

2. Porque dicha sección 1ª. de la citada ley, al establecer el aludido discrimen viola también el inciso 22 de la sección 2 de la Ley Orgánica, referente a la uniformidad de las leyes por las cuales se imponen contribuciones.

3. Porque la Ley núm. 15, supra, infringe además las disposiciones de los incisos 8 y 15 de la sección 34 de la Ley Orgánica, (1) por contener dos materias o *subjects* distintos, a saber: (*a*) la imposición de contribuciones mediante enmienda a una ley anterior, y (*b*) la asignación del producto de tales contribuciones para determinadas obras y servicios públicos.

4. Porque la ley en cuestión aparece aprobada por el Gobernador de Puerto Rico a virtud de una Resolución Concurrente de la Asamblea Legislativa y en la forma en dicha resolución ordenada, razón por la cual la aprobación de la misma es nula, inexistente e ineficaz porque se impartió en violación de los preceptos del inciso 5to. de la sección 34 de la Ley Orgánica, en relación con los incisos 1, 7, 8, 10, 12, 14, 15 y 16 de la misma sección; y, además, porque dicha Resolución Concurrente no tiene, de acuerdo con los preceptos citados, el carácter ni el efecto de una ley.

5. Porque al aprobarse la Resolución Concurrente autorizando al Gobernador para aprobar el Proyecto de Ley núm. 15, éste se encontraba ya sometido al Gobernador para su aprobación, por lo que la Asamblea Legislativa, habiendo ya agotado sus poderes y jurisdicción con relación a dicho proyecto, conforme a la sección 34 de la Ley Orgánica, no podía enmendar, alterar o modificar su texto.

6. Porque el proyecto de la citada Ley núm. 15 fué aprobado en una sesión extraordinaria de la Asamblea Legislativa (agosto 1, 1933) sin que se hubiera incluído en la convocatoria del Gobernador, en contravención de las disposiciones de la sección 33 de la Ley Orgánica.

Sostenida la excepción previa por insuficiencia de la demanda para constituir causa de acción, la demandante apeló. Su alegato contiene cuatro señalamientos de error. Éstos pueden resumirse en uno solo, a saber: "El tribunal *a quo* erró al declarar válida y eficaz la Ley núm. 15 de agosto 24 de 1933."

Examinaremos a la luz de la jurisprudencia, en el mismo orden en que aparecen expuestas en la demanda, las alegadas causas de nulidad de la citada ley.

1ª. y 2ª. Se alega que la sección 1ª. de dicha ley es nula porque establece un discrimen en contra del producto manufacturado en la Isla y en favor del mismo producto cuando éste es importado de Estados Unidos para su venta en Puerto Rico. Dicha sección 1ª. lee así:

"Sección 1.—En virtud de esta Ley se impone, se cobrará y se pagará por una vez solamente, una contribución de rentas internas en la suma de siete (7) centavos por cada galón de gasolina que se introduzca, fabrique, venda o consuma, o que de otro modo se disponga de ella para el consumo en Puerto Rico; y dicha contribución será cobrada por el Tesorero de Puerto Rico adhiriendo y cancelando los sellos de rentas internas que él prescriba con tal objeto; *Disponiéndose,* que esta contribución tendrá el mismo carácter que tienen las contribuciones de rentas internas, y, por lo tanto, se aplicará de un modo uniforme y general tanto a la gasolina producida en países extranjeros que se traiga a Puerto Rico, como a la que se produzca en la Isla, y dicha contribución la cobrará el Tesorero de Puerto Rico sujeta a las disposiciones de la Ley de Rentas Internas tan pronto como se fabrique o se produzca o se introduzca la gasolina en Puerto Rico, adhiriendo y cancelando los sellos de rentas internas en aquellos documentos que el Tesorero determinare a tal objeto; *Y disponiéndose, asimismo,* que para los fines de esta Ley cualquier mezcla o combinación contentiva de o en la cual se use gasolina, estará comprendida dentro del alcance del término 'gasolina' según se usa en

esta Ley. Al *Gas Oil* y *Diesel Oil* por la presente se le impone, se le cobrará y pagará por una sola vez una contribución de cuatro (4) centavos por galón que se introduzca, fabrique, use o consuma o que de otro modo se disponga de ellos para el consumo en Puerto Rico, cuyo impuesto se impondrá y cobrará en igual forma que se establece anteriormente para la gasolina y sus productos combinados.''

No existe contienda alguna en cuanto a la facultad que el artículo 3 de la Ley Orgánica, según fué enmendada por Ley del Congreso de marzo 4, 1927, concede a nuestra Asamblea Legislativa para imponer arbitrios o derechos de consumo a la gasolina que se manufactura en Puerto Rico y a la que se traiga a la Isla de algún país extranjero o de los Estados Unidos. La cuestión que se nos somete en el caso de autos es la de si la Asamblea Legislativa al ejercitar esa facultad violó alguno de los preceptos constitucionales apuntados por la parte apelante.

La hábil argumentación de la apelante para sostener que la sección 1ª. de la Ley núm. 15, supra, está viciada de nulidad por virtud del alegado discrimen que en ella se establece, no nos convence. La simple lectura de la sección que estamos considerando lleva a nuestro ánimo el convencimiento de que el propósito evidente del legislador fué el de imponer un derecho de consumo a toda la gasolina que se manufacture en la Isla o que se importe o introduzca de cualesquiera otros países para ser consumida en Puerto Rico. La sección dispone que la contribución será impuesta y se cobrará y se pagará por una vez solamente; y no se exime de su pago a ninguna gasolina, no importa el sitio en donde ésta haya sido manufacturada o de donde se haya importado. Tan pronto como el producto está dentro de la jurisdicción del Tesorero de Puerto Rico, listo para ser vendido o consumido en Puerto Rico, dicho funcionario está facultado para y es su deber imponer y cobrar la contribución de 7 centavos por galón, sin excepción alguna en cuanto al punto de origen de la gasolina.

La contención de la apelante de que el primer *disponiéndose* de la citada sección establece un discrimen en favor del producto norteamericano y en contra del mismo producto manufacturado en la Isla o importado de algún otro país distinto de los Estados Unidos, es insostenible. Al disponer que la contribución "se aplicará de un modo uniforme y general tanto a la gasolina producida en *países extranjeros* que se traiga a Puerto Rico, como a la que se produzca en la Isla," el legislador quiso solamente evitar, por medio de esa disposición de carácter puramente directorio, que la ley pudiera ser aplicada en forma desigual y no uniforme, ya fuera para favorecer al producto insular en contra de los productos traídos del exterior de la Isla, o viceversa. El legislador usó la frase genérica "países extranjeros" para incluir en ella a cualquier otro país o estado del cual pueda traerse o importarse gasolina para ser vendida y consumida en esta Isla y establecer así una diferencia entre todos esos países o estados y el territorio de la Isla de Puerto Rico. La palabra "extranjeros" no ha sido usada en el sentido internacional y sí como expresiva del concepto de "extraterritorialidad," para incluir dentro de esa condición de extranjería a todo el resto del mundo fuera del territorio y jurisdicción de nuestra Isla.

Cada uno de los estados de la Unión Americana es "foreign" (*extranjero*), en cuanto a los demás, con respecto a sus leyes municipales, entendiéndose por "ley municipal," en contraposición a la "Ley Internacional," el sistema de leyes propio de un determinado país, estado o comunidad. Véase Bouvier's Law Dictionary, Vol. 1, pág. 811, y Vol. 2, pág. 459. Una corporación organizada de acuerdo con las leyes de uno de los 48 estados de la Unión es una corporación extranjera, "foreign corporation," en cuanto a los otros 47 estados y también en cuanto a las posesiones insulares de Estados Unidos; y la sentencia dictada por un tribunal estadual es un "foreign judgment" en los demás estados soberanos que forman la federación americana. *Grover & Baker Sewing Machine Co. v. Radcliffe,* 137 U. S. 287.

Aun cuando aceptáramos, como pretende la apelante, que la frase "países extranjeros" fué usada por el legislador en el sentido técnico del derecho internacional, para comprender dentro de ella a todos los países no sujetos a la soberanía de Estados Unidos, todavía nos veríamos obligados a desestimar su objeción por considerarla carente de mérito. Son las disposiciones de la sección 1, supra, que preceden al primer *disponiéndose,* las que imponen la contribución y definen el objeto de la tributación. Y basta leerlas para comprender que ellas son suficientes para sujetar al pago del impuesto a la gasolina traída a Puerto Rico de Estados Unidos para ser consumida en la Isla. El aludido *disponiéndose* no restringe ni modifica en manera alguna la cláusula que le precede. El fin que persigue es dirigir e instruir a los agentes fiscales del Gobierno encargados de imponer y cobrar el tributo para que lo impongan uniformemente, evitando el discrimen en contra del producto extranjero, discrimen que podría traer como resultado la invalidación de la ley, por el fundamento de constituir una restricción de la libertad del comercio entre Estados Unidos y los países extranjeros, sobre la cual tiene jurisdicción exclusiva el Congreso Nacional.

3ª. La tercera alegada causa de nulidad es la de que el título de la Ley núm. 15 de agosto 24, 1933, contiene dos materias o propósitos distintos—imposición de una contribución y asignación del producto de la misma—en contravención de lo provisto por los incisos 8 y 15 del artículo 34 de la Ley Orgánica, que leen así:

(8) "No se aprobará ningún proyecto de ley, con excepción de los de presupuesto general, que contenga más de un asunto, el cual deberá ser claramente expresado en su título; pero si algún asunto que no esté expresado en el título fuere incluído en cualquier ley, esa ley será nula solamente en aquella parte de ella que no haya sido expresada en el título.

(15) "El proyecto de presupuesto general no comprenderá nada más que asignaciones para los gastos ordinarios de los departamentos ejecutivo, legislativo y judicial, para el pago de intereses de la deuda pública y para escuelas públicas. Todas las demás asignaciones se

consignarán en proyectos separados, abarcando cada uno una sola materia.''

Como se ve por su simple lectura, el inciso 8, supra, contiene una disposición de carácter directorio (*directory*) al efecto de que los proyectos de ley no deben contener más de un asunto, el cual debe hacerse constar claramente en el título. La inclusión de más de un asunto en un mismo proyecto no trae como consecuencia inevitable la nulidad de la ley en su totalidad. Es solamente cuando un asunto incluído en la ley dejare de expresarse en el título, que la ley será nula, pero esa nulidad alcanzará únicamente a aquella parte de la ley que no se hubiere expresado en su título.

Aplicando el precepto de la Ley Orgánica, supra, a la ley que estamos considerando, estamos convencidos de que la imposición de una contribución y la asignación o determinación del empleo que habrá de darse al producto de tal contribución no son dos asuntos tan distintos y separados que la inclusión de ambos en el texto o en el título de la ley o en uno y en otro deba ser considerado como una contravención de los citados preceptos de la Ley Orgánica.

El artículo 3 de la Ley Orgánica, otorga a la Asamblea Legislativa de Puerto Rico la facultad de imponer ''para fines de los gobiernos insular y municipal, respectivamente,'' contribuciones e impuestos sobre la propiedad, rentas internas, derechos sobre licencias y franquicias, privilegios y concesiones. La imposición de una contribución o derecho de rentas internas sin especificar en la ley el fin, insular o municipal, a que habrá de ser dedicado el producto de tales impuestos, sería tal vez causa suficiente para invalidar la ley. Ésta debe especificar que los fondos recaudados mediante la imposición de tales impuestos serán ingresados en los fondos generales del Tesoro, para ser utilizados en los servicios públicos a cargo del Gobierno Insular o del Gobierno Municipal, según el caso, o que dichos fondos serán dedicados a fines u obras de carácter público de uno u otro gobierno. Es insostenible, por lo tanto, que la imposición de una contribu-

ción y la asignación de los fondos que ella produzca a un fin público determinado sean dos asuntos distintos que no pueden ser incluídos en el texto o en el título de una misma ley. Son, a nuestro juicio, materias germanas, o partes complementarias e integrantes de un solo asunto, que no solamente pueden sino que necesariamente deben ser incluídas en el texto y en el título del estatuto.

La parte pertinente del título de la Ley núm. 15, supra, dice así:

"Ley para enmendar las secciones 1 y 2 de la Ley No. 40, titulada 'Ley para imponer una contribución de siete (7) centavos a cada galón de gasolina que se introduzca, fabrique, venda, use o para el consumo, o que de otro modo se disponga de ella para el consumo, en Puerto Rico, e ingresar el producto de dicha contribución en los fondos generales del Tesoro Insular y para la construcción de caminos municipales; etc. . . . para ampliar el alcance del término 'gasolina' e imponer al *gas oil* y *diesel oil* una contribución de cuatro (4) centavos por cada galón que se introduzca, fabrique, use o consuma o que de otro modo se disponga de ellos para el consumo en Puerto Rico, y para disponer la forma como se aplicarán los fondos, y para otros fines."

Somos de opinión que ni el texto ni el título de la Ley en controversia contravienen precepto alguno de la Ley Orgánica.

■ 4ª. y 5ª. Las mismas razones aducidas por la parte apelante para sostener sus alegadas 4ª. y 5ª. causas de nulidad, supra, fueron sometidas a la consideración de esta Corte Suprema en el caso de *Agudo v. Domenech, Tesorero,* 49 D.P.R. 884, y resueltas en sentido adverso a la contención de dicha parte. Y no habiendo ésta aducido ninguna razón adicional o citado autoridad alguna que nos obligue a modificar la opinión emitida en el caso arriba mencionado, debemos resolver que la corte inferior no erró al decidir que en el procedimiento seguido por la Asamblea Legislativa y por el Gobernador de Puerto Rico al aprobar la Ley núm. 15 de agosto 24 de 1933 no se infringió precepto alguno de la Ley Orgánica.

6ª.—La desestimación de la 6ª. causa de nulidad aducida en la demanda, supra, no figura entre los señalamientos de error, ni se hace referencia a ella en el alegato de la apelante. Nos abstenemos, por lo tanto, de considerarla.

*La sentencia de la corte inferior debe ser confirmada.*

El Juez Asociado Señor Córdova Dávila no intervino.